## Application of COES.
### Patent Appeal No. 5555.

United States Court of Customs
and Patent Appeals.
April 12, 1949.

George Crompton, Jr., of Wooster, Mass., and J. Harold Kilcoyne, of Washington, D. C. (William T. Kniesner, of Worcester, Mass., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Clarence W. Moore, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL, and JOHNSON, Associate Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the examiner's rejection of claims 1 to 4, inclusive, of appellant's application for a patent entitled "Abrasive Articles and Method of Making the Same." The rejection was based on prior art, the reference cited being the following patents: Martin, Re. 19,318, Sept. 18, 1934; Kistler, 2,272,873, Feb. 10, 1942; Kistler, 2,272,874, Feb. 10, 1942; Kistler, 2,272,875, Feb. 10, 1942; Coes, 2,309,575, Jan. 26, 1943.

In accordance with the motion filed by appellant at the oral argument, the appeal will be dismissed as to claims 3 and 4.

Claims 1 and 2 read as follows:

"1. The method of making a grinding wheel or other abrasive body comprising wetting abrasive grain with a grain-wettant and resin-hardening agent selected from the group consisting of di-2-chlorethyl formal, di-2-chlorethyl benzal, di-2-chlorethyl enanthal, di-2-chlorethyl propanal, di-2-chlorethyl furfural and di-2-chlorethyl butyral, mixing therewith primary aromatic amine formaldehyde resin and thereby producing a dry granular mix, and shaping and heat-treating the mix.

"2. A grinding wheel or other abrasive body comprising abrasive grains bonded with the reaction product under heat treatment of primary aromatic amine formaldehyde resin and a grain-wetting and resin-hardening agent selected from the group consisting of di-2-chlorethyl formal, di-2-chlorethyl benzal, di-2-chlorethyl enanthal, di-2-chlorethyl propanal, di-2-chlorethyl furfural and di-2-chlorethyl butyral."

The appealed claims relate to a grinding wheel comprising abrasive grains, an aniline-formaldehyde resin, and a resin hardening agent, illustrated by di-2-chlorethyl formal. It is claimed that the last mentioned reagent also possesses grain-wetting properties, and may be replaced by named derivatives thereof.

Appellant claims that his application here involved provides for the use of compounds which are all acetals, and that the patent to Coes, 2,309,575, provides for the use of compounds which are ethers, and that "nothing in the appellant's prior patent No. 2,309,575 is a homologue of any of the resin hardening agents specified in the claims of the application on appeal."

The examiner rejected the claims here involved on the ground that the ether covered by appellant's patent, No. 2,309,575,

supra, and the formal specified in the claims of the application are adjacent members of the same homologous series, and that the patent discloses the next higher homologue of the claimed formal.

The Board of Appeals in its decision said: "In our opinion, the issue is not the technical one of whether appellant's compound and that of the patent are strictly homologues but rather whether they are to be considered so closely related that the teaching of one might suggest the other and whether the substitution leads to obvious results. We are of the opinion that the compounds are closely related, and that chemists recognize this close relationship and therefore that the teaching of one would suggest the other.

The Martin patent, Reissue No. 19,318, supra, teaches the use of furfural, which is an aldehyde, as the coating solvent for producing abrasive articles.

The Kistler patents, 2,272,873-4-5, each teach the use of an aldehyde and remote halogen containing compounds as hardening agents in producing grinding wheels and other abrasive bodies.

The patent to Coes, 2,309,575, supra, teaches the use of aldehydes in making grinding wheels, etc., and describes a grinding wheel composition which differs from that claimed here only in the hardening agent.

It was the board's opinion that the most nearly related hardening agent of the reference (Coes patent, 2,309,575, supra) is triglycol dichloride, which may be represented as: $Cl - CH_2 - CH_2 - O - CH_2 - CH_2 - O - CH_2 - CH_2 - Cl$. Appellant's illustrative reagent may be represented as: $Cl - CH_2 - CH_2 - O - CH_2 - O - CH_2 - CH_2 - Cl$. Appellant contends that the reagent of his application is not a homologue of the hardening agent of his cited patent; that triglycol dichloride is an ether, while the hardening agents of his application are acetals; that acetals and ethers are recognized as different in the field of chemistry; that in selecting di-2-chlorethyl formal for use as a resin hardening agent, he secured an unobvious and unexpected result.

Bearing in mind that the prior art discloses the use of aldehydes (Kistler references) and ethers (Coes reference) as hardening agents in producing abrasive bodies, we think the following excerpts from the texts indicated are of interest:

(From Organic Chemistry, by Paul Karrer, Third English Edition, Elsevier Publishing Co. Inc., Amsterdam, 1947)

(At page 153). "The aldehydes react with alcohols in the presence of small quantities of anhydrous mineral acids or toluene sulphonic acid forming acetals. These are the alkyl ethers of the aldehyde hydrates. They are quite stable with respect to alkalis, but they are readily hydrolysed by aqueous mineral acids to the aldehydes. They have a pleasant flower-like smell."

(At page 113). "Properties. The ethers are pleasant (ethereal) smelling liquids.

\* \* \* \* \* \*

"The ethers are very stable substances, more so than the alcohols. They do not react with the alkali metals, \* \* \*. They are very little attacked by alkalies. On the other hand they are easily decomposed by acids, \* \* \*."

(At page 23). "\* \* \*. Compounds which have similar chemical and physical properties and which differ in composition by $CH_2$, or some multiple of it, are called homologous compounds."

(From Theoretical Organic Chemistry, by Julius B. Cohen, MacMillan and Co., Ltd., St. Martin's St., London, 1934)

(At page 50). "Classification based on Composition and Properties.—If we adopt a system of classification based on composition and properties, we find that there are a number of families of compounds, each member of a family behaving towards reagents in a very similar manner to that of the other members. \* \* \*"

(At page 51). "Homologous Series.—It will be further observed that each member of a family differs from that which precedes or follows it by the same number of carbon and hydrogen atoms, viz. $CH_2$. \* \* \* It is only necessary at present to state that families which fulfill the conditions just set forth were named by Gerhardt homologous series. A homologous series may therefore be defined as a family of chemically related compounds, the composition of which varies from member to

member by one atom of carbon and two atoms of hydrogen. * * *"

(From Chamber's Technical Dictionary, The MacMillan Co., New York, 1940)

(At page 6). "acetals (Chem.). The dehydration products of aldehydes, with an excess of alcohols present. Acetals may be termed dialkyl ethers of the dihydrates."

(From Hackh's Chemical Dictionary, P. Blakiston's Son & Co. Inc., Philadelphia, 1929)

(At page 5). "acetals. A group of organic ethers of the type, $R - CH(OR)_2$."

Acetals are formed by the dehydration of alcohols and aldehydes, and ethers are formed by the dehydration of alcohol. The authorities quoted establish acetals as members of the family of ethers. It may be seen from the excerpts from Karrer, supra, that acetals and ethers have similar chemical properties (stable with respect to alkalis, but readily decomposed by acids) as well as a similar physical property (pleasant smelling). It will be observed that the chemical formula for the acetal in issue (di-2-chlorethyl formal) differs from that of the ether disclosed in appellant's prior patent (triglycol dichloride) only by $CH_2$. The two compounds have similar chemical and physical properties. They differ in composition by $CH_2$. The conclusion seems unavoidable that they are, in accordance with the authorities hereinbefore quoted, members of a homologous series.

Where the prior art teaches the use of aldehydes and ethers, is it an advance over the art for an applicant to select a particular kind of ether which is derived from the dehydration of alcohols (the dehydration of which is the common source of ether) and aldehydes? Were the answer to be in doubt, it would, as in the instant case, be resolved against the applicant when it appears that the alcohol-aldehyde dehydrate selected differs from a compound known to the art merely by a difference of $CH_2$ in the composition under circumstances persuasive that the elected compound is but a homologue of a compound old in the art.

The case of In re Jones, 149 F.2d 501, 32 C.C.P.A., Patents, 1020, cited by appellant, is clearly distinguishable from the instant case. The Jones case relates to compositions of matter used as insecticides, fungicides, and growth regulants for plants. There the prior art compound and the compound claimed differed in composition, not by $CH_2$, but by $C_4H_2$, and under the definitions of homologous compounds cited therein (very similar to those quoted herein), the court considered that disparity partly controlling in its finding that the compound there in issue was not a homologue of the compound known to the art.

Appellant contends that the use of the claimed matter results in a more useful grinding wheel in some regards than has previously been obtained in the art, and specifically that the abrasive wheel which can be produced by the teaching of his application will wear longer than that made available by his patent. In view of the high rate of consumption of grinding wheels in an industrial plant, appellant asserts the new wheel is a "significant" contribution to the art. The solicitor points out that the wheel of the patent removes more metal per unit of time than the new wheel (as revealed by test results cited below by appellant), and the old wheel is superior to the new, viewed from that aspect of efficiency.

We agree with the board that the improvement, if any, is one of degree viewed only from a single aspect. Adjacent homologues of old substances are unpatentable as new compounds particularly where the homologues are not markedly superior to the old substances. Ellis on Patent Claims, sec. 365.

The appeal as to claims 3 and 4 is dismissed, and the decision of the Board of Appeals as to claims 1 and 2 is affirmed.

Affirmed.